TWENTY-ONE MINING CO. v. ORIGINAL SIXTEEN TO ONE MINE, Inc.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1919.)

No. 3205.

MINES AND MINERALS ⬅︎31(1)—MINING CLAIMS—EXTRALATERAL RIGHTS.

> Under Rev. St. § 2322 (Comp. St. § 4618), which gives the owner of a mining claim "the exclusive right of possession and enjoyment of all veins * * * throughout their entire depth" which apex in his claim, in following such a vein beyond his side lines he is not confined to the vein itself, but may extend his workings beyond its walls, if necessary for the proper and economical working of the vein.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Suit in equity by the Twenty-One Mining Company against the Original Sixteen to One Mine, Incorporated. From an order denying a preliminary injunction, complainant appeals. Affirmed.

See, also, 254 Fed. 630.

John B. Clayberg, Frank R. Wehe, and Bert Schlesinger, all of San Francisco, Cal., for appellant.

William E. Colby, John S. Partridge, and Grant H. Smith, all of San Francisco, Cal., and Carroll Searls, of Nevada City, Cal., for appellee.

Before GILBERT and ROSS, Circuit Judges, and DOOLING, District Judge.

DOOLING, District Judge. The appellant was plaintiff and the appellee defendant in the lower court, and they will be so designated here. The plaintiff is the owner of two quartz lode mining claims, the Valentine and the Belmont, located in Sierra county, Cal. The defendant is the owner of a similar claim, the Sixteen to One, adjoining the Belmont. Beneath the surface of the Belmont and Valentine claims there is a valuable vein. The District Court for the Northern District of California has by decree determined that the apex of this vein is located within the surface boundaries of the Sixteen to One claim.

The defendant, pursuing this vein downwards from its own claim, is operating beneath the surface of the Belmont and Valentine claims. The present action is for the purpose of enjoining such operation as is now, and unless prevented will be, carried on. The complaint is that defendant in pursuing the vein beneath the surface of plaintiff's claims has not confined its operations to the vein itself, but has gone, and will continue to go, outside the boundaries and limits of the vein, and commit irreparable damage and injury to the said claims beneath their surface by digging up, excavating, and removing quartz, rock, and earth therefrom.

The defendant claims the right, and alleges its purpose, to remove only such quantities of barren and worthless country rock in the immediate vicinity of the vein in the walls thereof as may be necessary for the profitable and economic working of the vein, and as may be reasonably necessary for such purpose, and in accordance with the customs and usages of the art and science of mining under similar circumstances. The vein is undulating and waving in its character and of varying width, narrowing down in some instances to about 2 feet and in other places widening out to a width of over 8 feet between the walls. The defendant has run and is running its main working shaft in as nearly a straight line as possible, and in so doing it does not follow the undulations, curvatures, and faults of the vein.

The plaintiff applied to the trial court for a preliminary injunction upon notice. When the matter came on for hearing, plaintiff's counsel stated to the court:

"That the whole question involved and presented for determination was whether, in mining the Sixteen to One vein extralaterally underneath the surface of plaintiff's claims, the defendant was confined to working entirely within the walls of its vein, or whether it had the right to cut into the country rock on either side of the vein, where necessary for its mining operations, either to keep its workings straight or regular, as is customary in such operations where the vein undulates or changes in direction, or when the vein narrows down to a width less than the convenient and ordinary width of the usual mining operations; plaintiff's contention being that the right of defendant was confined entirely within the walls of its vein and that these walls could not be transgressed, no matter how narrow the space."

Upon this statement the court declared that it did not think the plaintiff's proposition could be sustained, and that the application for a preliminary injunction would have to be denied. From the order denying such application this appeal is taken.

It will be observed that the question as to how far defendant has departed or will depart from the vein itself in its operations beneath the surface of plaintiff's claims was not presented to the court below, nor was the court asked to consider it. It was asked to determine as a matter of law that—

"the right of the defendant was confined to operations entirely within the walls of the vein, and that those walls could not be transgressed, no matter how narrow the space."

The court held that the proposition as stated could not be sustained. Whether or not it erred in so holding is the sole question presented here. The rights of both parties are derived from section 2322, Re-

vised Statutes (Comp. St. § 4618), which provides that the locators of all mining locations on any mineral vein, lode, or ledge situated on the public domain—

"shall have the exclusive right of possession and enjoyment of all the surface included within the lines of their locations, and of all veins, lodes, and ledges throughout their entire depth, the top or apex of which lies inside of such surface lines extended downwards vertically."

This statute must be so construed as to give it effect. Its language is:

"Exclusive right of possession and enjoyment of *all* veins, lodes or ledges throughout their entire depth."

It would be difficult to select language more comprehensive. It does not include such veins only as are wide enough to permit of mining operations within their walls, but includes all veins of whatever width. It gives, not only the exclusive right of possession of such veins, but the exclusive right of enjoyment as well, and throughout their entire depth.

To that extent the rights of the owner of a claim beneath the surface of which such veins extend downward are diminished. He takes his claim under the statute subject to the exclusive right by another to the possession and enjoyment of such veins, granted to such other by the same statute. To give this statute any practical effect we must accord to the word "enjoyment" a practical meaning. The exclusive right of enjoyment of a vein, to be of any value, must include the right to mine and extract the mineral contained in it. To say that one has the exclusive right of possession and enjoyment of a valuable vein throughout its entire depth, but that he cannot extract the mineral therefrom, because it is too narrow, or in places becomes too narrow, to permit of mining operations within its walls, is to say that, when Congress used the words "all veins," it meant only "all wide and straight veins."

Mining is a practical business. In its operations no miner knowingly goes to the expense of removing unnecessary rock, running unnecessary tunnels, or wandering further from the vein the enjoyment of which the statute gives to him, than is necessary for economical work. The extent to which one may deviate from the vein itself must, of course, depend upon the characteristics of each particular vein, and no rule can be formulated of general application; but that in following a vein downwards the apex owner is not confined to the vein itself is indicated by the closing provision of section 2322:

"Nothing in this section shall authorize the locator or possessor of a vein or lode which extends in its downward course beyond the vertical lines of his claim to enter upon the surface of a claim owned or possessed by another."

By this provision he is prevented from entering upon the surface of the claim beneath which his vein extends, and his exclusion in terms from the surface suggests that beneath the surface some latitude of operation was contemplated. In the present case the trial court was called upon to decide that there could be no departure from within the walls of the vein under any circumstances.

We are convinced that, in stating its claim thus broadly, plaintiff gave to the statute a construction entirely too narrow, and one which in many, if not, indeed, in all, cases would defeat the right which Congress not only intended to grant, but which it did grant in very apt words.

Counsel for plaintiff declares that the trial court—

"exercised no discretion in the matter at all, but decided that the fundamental legal principle upon which we based the right to a preliminary injunction could not be sustained."

We agree with the trial court that the principle as stated cannot be sustained. This being so, we do not feel called upon to balance the affidavits to ascertain whether defendant has departed or will depart from the vein in question to a greater extent than the conditions require, but will leave that to be determined by the trial court upon the final hearing of the cause.

The order is therefore affirmed.